**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:

CRUZ M. MENDEZ GARCIA

    **Debtor(s)**

CASE NO. 15-10374

CHAPTER 13

<span style="color:red">**FILED & ENTERED ON 11/16/2017**</span>

### OPINION & ORDER

Debtor's *Reconsideration of Order Granting Objection to Debtor's Claim of Exemptions* [Dkt. No. 93] is DENIED. The court has reviewed this motion and the associated filings at dockets 108, 109, 119 and 122 and abides by its Order [Dkt. No. 91].

Debtor argues that in the instant case she liberally chose the state law exemptions to declare homestead exemption over her home. The Puerto Rico homestead act is silent as to the issue of when the property is not recorded in name of Debtor in the Registry of the Property. Even though the statute is silent as to that issue, as per Debtor's sur-reply this must not be an issue given that the deed declaring her homestead rights is not a constitutive document that needs to be recorded in the Registry of the Property to have validity. Further debtor claimed her exemption through an affidavit. Thus, she claimed her right through a deed and an affidavit.

Creditor Rushmore Loan Management Services argues in turn, that given the courts' previous conclusion[1] that Rushmore's claim lacked successive chain of ownership, it must also conclude that Debtor's Notarial Act/deed claiming the homestead exemption submitted before the Registry of the Property also lacks the successive chain of ownership. Thus, it was

---

[1] See Opinion and Order [Adv. Dkt. No. 17] in the related adversary case number 16-00094.

-1-

improperly claimed by Debtor. Currently, the titular registrant of the real property in question is Gustavo Adolfo Piccard Rivera, and not Debtor. Pursuant to Puerto Rico mortgage law, the access to the Registry of the Property will be closed to Debtor's Notarial Act/deed claiming the homestead protection.

In the leading case in this District as to the requirements of the Puerto Rico Home Protection Act of 2011[2], In re Hernandez, 487 B.R. 353, 362 (Bankr.D.P.R.2013), the court stated, in relevant part:

> Articles 9 and 11 of the PR Home Protection Act distinguish between real properties that are registered at the Property Registry and those that are not. The methods for claiming the homestead exemption in both instances are different. In cases where the real property is registered at the Property Registry Article 9 governs the procedure by which homestead is claimed. In cases where the real property is not registered at the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern. Thus, when an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is or not registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act. If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence.

In the present case, Debtor attached to her reconsideration motion at docket number 93 both a sworn statement and a Notarial Act/deed dated December 14, 2015. The court concurs with Rushmore's assertion that the PR Home Protection Act does not provide a remedy in the case of an individual who is not the titular registrant of the real property, yet seeks a homestead exemption for said property. Moreover, this is consistent with the principle of the successive

---

[2] P. R. Laws Ann. Titl. 31 § 1858

-2-

chain of ownership under Puerto Rico mortgage law. The titular registrant must be the individual claiming the homestead protection. As stated in <u>Hernandez</u>, "[c]ompliance with the requirements of the 2011 PR Home Protection Act is essential to properly claiming a homestead exemption in bankruptcy proceedings." <u>In re Hernandez</u>, 487 B.R. at 362.

 SO ORDERED

 San Juan, Puerto Rico, this 16th day of November, 2017.

Brian K. Tester
U.S. Bankruptcy Judge
